**Ismed Sobin BONG, Petitioner,**

v.

**Michael B. MUKASEY, Attorney General, Respondent.**

No. 05–74083.

United States Court of Appeals, Ninth Circuit.

Submitted Feb. 26, 2008.*

Filed March 10, 2008.

Robert G. Ryan, Esq., Law Offices of Eugene C. Wong, PC, San Francisco, CA, for Petitioner.

CAC–District Counsel, Esq., Office of the District Counsel Department of Homeland Security, Los Angeles, CA, Ronald E. LeFevre, Chief Counsel, Office of the District Counsel, Department of Homeland Security, Brigid Biermann, Esq., DOJ–U.S. Department of Justice Antitrust Division, San Francisco, CA, for Respondent.

Before: BEEZER, FERNANDEZ, and McKEOWN, Circuit Judges.

MEMORANDUM **

Ismed Sobin Bong, an Indonesian citizen of Chinese descent, petitions for review of the Board of Immigration Appeals' decision adopting and affirming an Immigration Judge's ("IJ") order denying his application for asylum, withholding of removal,

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

and relief under the Convention Against Torture ("CAT"). We have jurisdiction pursuant to 8 U.S.C. § 1252. We review for substantial evidence, *see Sael v. Ashcroft,* 386 F.3d 922, 924 (9th Cir.2004), and we deny the petition.

The record does not compel the conclusion that Bong's untimely filing of his asylum application should be excused. *See* 8 C.F.R. § 208.4(a)(4)-(5). Accordingly, we deny the petition as to his asylum claim.

With regard to the claim for withholding of removal, substantial evidence supports the IJ's conclusion that Bong has not demonstrated a clear probability of future persecution. *See Hakeem v. INS,* 273 F.3d 812, 816–17 (9th Cir.2001). We decline to reach the question of whether disfavored group analysis applies to withholding of removal claims because, even if Bong was permitted to make a lesser showing of individualized risk under the disfavored group analysis, *see Sael,* 386 F.3d at 925, the record does not compel the conclusion that he will "more likely than not" be persecuted on account of race or religion upon return to Indonesia. *See INS v. Stevic,* 467 U.S. 407, 429–30, 104 S.Ct. 2489, 81 L.Ed.2d 321 (1984); *see also* 8 C.F.R. § 208.16(b)(2).

Substantial evidence also supports the IJ's denial of CAT relief because Bong did not show that it is more likely than not that he would be tortured if returned to Indonesia. *See Singh v. Gonzales,* 439 F.3d 1100, 1113 (9th Cir.2006).

**PETITION FOR REVIEW DENIED.**

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.